1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   Richard D. Riding,          )   CV 13-01622 RSWL (SPx)
                                  )
12                               )
                    Plaintiff,   )   **ORDER RE: DEFENDANTS**
13                               )   **CACH LLC AND MANDARICH**
                                  )   **LAW GROUP LLP'S MOTION**
14        v.                      )   **TO DISMISS** [24]
                                  )
15                               )
     Cach LLC and Mandarich Law   )
16   Group LLP,                   )
                                  )
17                               )
                                  )
18                   Defendants. )
19   _____)

20       Currently before the Court is Defendant Cach LLC's

21   ("Defendant Cach") and Defendant Mandarich Law Group,

22   LLP's ("Defendant Mandarich," collectively,

23   "Defendants") Motion to Dismiss [24].  The Court,

24   having reviewed all papers submitted pertaining to this

25   Motion, **NOW FINDS AND RULES AS FOLLOWS**:

26       The Court **GRANTS in part and DENIES in part**

27   Defendants' Motion to Dismiss.

28   //

1

## I. BACKGROUND

Richard D. Riding ("Plaintiff") is a senior citizen whose sole income is social security benefits. First Amended Complaint ("FAC") ¶ 17. Sometime before February 4, 2013, Plaintiff allegedly incurred certain personal financial obligations to Wells Fargo bank, N.A. ("Wells Fargo"). Id. at ¶ 21. Thereafter, Plaintiff allegedly fell behind in the payments owed on the alleged debt. Id. at ¶ 23. Defendant Cach, a debt collector, retained Defendant Mandarich to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations. Id. at ¶ 24.

On or about February 4, 2013, Defendant Mandarich sent Plaintiff a letter alleging that Plaintiff owed Defendants $20,706.68. Id. at ¶¶ 25-26. Subsequently, but prior to April 11, 2013, Defendants began calling Plaintiff at his home, whereby Defendants would allegedly yell into the telephone, use abusive language, and make accusations that Plaintiff owed Defendants payments on the alleged debt of $20,706.68. Id. at ¶¶ 30-31, 35. Pursuant to the instructions of Defendant Cach, Defendant Mandarich, in the name of Cach, filed a state collection case against Plaintiff in the Superior Court of Riverside based on Plaintiff's consumer account that was allegedly in default.[1]  Id. at

---

[1] Defendants' April 11, 2013 state lawsuit against Plaintiff

1  ¶ 36 ("State Court Action").

2       On or about April 15, 2013, Defendants served

3  Plaintiff with a summons and complaint in the State

4  Court Action.  On or about April 18, 2013, Plaintiff

5  contacted Defendant Mandarich by telephone and spoke

6  with a representative for Defendant Mandarich, Amanda

7  Wells ("Ms. Wells"), to whom he explained that he never

8  had a Wells Fargo account.  Id. at ¶ 42.  Ms. Wells

9  allegedly told Plaintiff that he owed the money, that

10 he had to pay the money to avoid being sued, and that

11 she was going to place a lien on Plaintiff's home if he

12 did not pay the debt.  Id. at ¶¶ 43-44.

13      Upon providing Ms. Wells his social security number

14 and date of birth, Ms. Wells allegedly declared that

15 Plaintiff was the incorrect party that Defendants were

16 suing, that he no longer needed to be concerned about

17 the debt, and that Defendants would stop pursuing

18 Plaintiff for the debt in the State Court Action.  Id.

19 at ¶¶ 46-47.  On or about April 29, 2013, Plaintiff

20 again spoke with Ms. Wells, who allegedly confirmed

21 that Plaintiff was not the party that Defendants were

22 suing.  Id. at ¶¶ 50-53.

23      However, Defendants continued to pursue the State

24 Court Action against Plaintiff.  On June 6, 2013,

25 Defendants mailed a letter to Plaintiff, alleging that

26

27 alleges that Plaintiff opened a Wells Fargo account, used the

28 account, and then defaulted on said account.  Id. at ¶ 37.

Plaintiff owed the debt in question, and that Plaintiff "failed to respond" after Plaintiff was served with the lawsuit. Id. at ¶¶ 64-65. However, Plaintiff alleges that Defendants had specifically told him that he did not need to respond, should not respond, and to return the summons and complaint. Id. at ¶ 66.

On June 11, 2013, Defendants filed a request for entry of default judgment against Plaintiff in the amount of $22,996.71 in the State Court Action. Id. at ¶¶ 54-55. The state court entered default judgment against Plaintiff on June 18, 2013. Request for Judicial Notice ("RJN"), Ex. B. Defendants have not dismissed the default. FAC ¶ 69. Based on the above, Plaintiff argues that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. – specifically pointing out violations of §§ 1692d, 1692e, and 1692f. Plaintiff seeks actual and statutory damages, costs of litigation and reasonable attorneys' fees [8].

Plaintiff filed the instant Action on July 1, 2013 in the United States District Court for the Southern District of California [1]. Plaintiff filed a FAC on September 3, 2013 [8]. This Action was transferred to the Central District on September 9, 2013 [12]. Defendants filed the instant Motion to Dismiss on October 11, 2013 [24]. This matter was taken under submission on November 26, 2013 [32].

//

## II.   LEGAL STANDARD

**A.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a
party to move for dismissal of one or more claims if
the pleading fails to state a claim upon which relief
can be granted.  Dismissal can be based on a lack of
cognizable legal theory or lack of sufficient facts
alleged under a cognizable legal theory.  <u>Balistreri v.
Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.
1990).  However, a party is not required to state the
legal basis for its claim, only the facts underlying
it.  <u>McCalden v. Cal. Library Ass'n</u>, 955 F.2d 1214,
1223 (9th Cir. 1990), <u>cert. denied</u>, 112 S. Ct. 2306
(1992).  In a Rule 12(b)(6) motion to dismiss, a court
must presume all factual allegations of the complaint
to be true and draw all reasonable inferences in favor
of the non-moving party.  <u>Klarfeld v. United States</u>,
944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is
not whether the plaintiff will prevail in the action,
but whether the plaintiff is entitled to offer evidence
in support of its claim.  <u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544, 583 (2007).  "While a complaint attacked
by a Rule 12(b)(6) motion to dismiss does not need
detailed factual allegations, a plaintiff's obligation
to provide the 'grounds' of his 'entitle[ment] to
relief' requires more than labels and conclusions, and
a formulaic recitation of a cause of action's elements

will not do." Id. at 555 (internal citation omitted).
Although specific facts are not necessary if the
complaint gives the defendant fair notice of the claim
and the grounds upon which the claim rests, a complaint
must nevertheless "contain sufficient factual matter,
accepted as true, to state a claim to relief that is
plausible on its face." Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (internal quotation marks omitted).

If dismissed, a court must then decide whether to
grant leave to amend.  The Ninth Circuit has repeatedly
held that a district court should grant leave to amend
even if no request to amend the pleadings was made,
unless the court determines that the pleading could not
possibly be cured by the allegation of other facts.
Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).
The court has discretion to deny leave to amend where
deficiencies cannot be cured.  Keniston v. Roberts, 717
F.2d 1295, 1300 (9th Cir. 1983).

**B.  Motion to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes
a court to dismiss claims over which it lacks proper
subject matter jurisdiction.  A court is free to
determine jurisdiction on a motion to dismiss for lack
of jurisdiction under Rule 12(b)(1) "unless the
jurisdictional issue is inextricable from the merits of
a case." Kingman Reef Atoll Invs., L.L.C. v. United
States, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing
Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.

1  1987)).

2      "[U]nlike a Rule 12(b)(6) motion, in a Rule

3  12(b)(1) motion, the district court is not confined to

4  the four corners of the complaint -- it may consider

5  facts and need not assume the truthfulness of the

6  complaint[,]" and the existence of disputed material

7  facts will not preclude the court from evaluating the

8  existence of subject matter jurisdiction.

9  Americopters, LLC v. Fed. Aviation Admin., 441 F.3d

10  726, 732 n.4 (9th Cir. 2006); see also Ass'n of Am.

11  Med. Colls. v. United States, 217 F.3d 770, 778 (9th

12  Cir. 2000).  The moving party "should prevail [on a

13  motion to dismiss] only if the material jurisdictional

14  facts are not in dispute and the moving party is

15  entitled to prevail as a matter of law."  Casumpang v.

16  Int'l Longshoremen's & Warehousemen's Union, 269 F.3d

17  1042, 1060-61 (9th Cir. 2001) (internal citations

18  omitted); Tosco Corp. v. Cmtys. for a Better Env't, 236

19  F.3d 495, 499 (9th Cir. 2001), overruled on other

20  grounds by, Hertz Corp. v. Friend, 559 U.S. 77 (2010).

21              **III.   ANALYSIS**

22  **A.   Defendants' Request for Judicial Notice**

23      Defendants request that this Court take judicial

24  notice of (1) a copy of the summons and complaint dated

25  April 11, 2013 in the State Court Action, and (2) a

26  copy of the judgment dated June 18, 2013 in the State

27  Court Action.  See RJN.

28      Under Federal Rule of Evidence 201, a court may

take judicial notice of "matters of public record." Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact is appropriate for judicial notice only if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

As Defendants have provided the Court with the necessary information regarding these documents and because these documents are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, this Court **GRANTS** Defendants' request for judicial notice.

**B.   Defendants' Motion to Dismiss**

   1.   Rooker-Feldman Doctrine

The Rooker–Feldman doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858-59 (9th Cir. 2008). A challenge under the Rooker-Feldman doctrine is a challenge for lack of subject-matter jurisdiction and may be raised

1  at any time by either party or sua sponte by the court.
2  Fleming v. Gordon & Wong Law Group, P.C., 723 F. Supp.
3  2d 1219, 1222 (N.D. Cal. 2010) (citing Olson Farms,
4  Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998)).

5       While the clearest case for dismissal based on the
6  Rooker-Feldman doctrine occurs when a federal plaintiff
7  asserts as a legal wrong an allegedly erroneous
8  decision by a state court, and seeks relief from a
9  state court judgment based on that decision, (Reusser,
10 525 F.3d at 859 (citing Henrichs v. Valley View Dev.,
11 474 F.3d 609, 613 (9th Cir. 2007) (internal quotation
12 marks omitted)), the Rooker-Feldman may also apply
13 where the parties do not directly contest the merits of
14 a state court decision.  Id. (citing Kougasian v. TMSL,
15 Inc., 359 F.3d 1136, 1139 (9th Cir. 2004)).  Rather,
16 the doctrine also "prohibits a federal district court
17 from exercising subject matter jurisdiction over a suit
18 that is a de facto appeal from a state court judgment."
19 Id.

20      A federal action constitutes such a de facto appeal
21 where "claims raised in the federal court action are
22 'inextricably intertwined' with the state court's
23 decision such that the adjudication of the federal
24 claims would undercut the state ruling or require the
25 district court to interpret the application of state
26 laws or procedural rules."  Id. (citing Bianchi, 334
27 F.3d at 898).  In such circumstances, "the district
28 court is in essence being called upon to review the

state court decision." Id. (citing Feldman, 460 U.S.
at 483 n.16); see also Doe & Assoc. v. Napolitano, 252
F.3d 1026, 1030 (9th Cir. 2001) ("Where the district
court must hold that the state court was wrong in order
to find in favor of the plaintiff, the issues presented
to both courts are inextricably intertwined."). 
Further, in analyzing the Rooker-Feldman doctrine, the
Court "cannot simply compare the issues involved in the
state-court proceeding to those raised in the federal-
court plaintiff's complaint." Dexter v. Tran, 654 F.
Supp. 2d 1253, 1259 (D. Wash. 2009) (citing Bianchi,
334 F.3d at 900). Rather, the district court must pay
close attention to the relief sought by the federal-
court plaintiff. Id.

   Thus, Rooker-Feldman "applies only when the federal
plaintiff both asserts as her injury legal error or
errors by the state court and seeks as her remedy
relief from the state court judgment." Vacation
Village, Inc. v. Clark County, Nev, 497 F.3d 902, 910
(9th Cir. 2007) (citing Kougasian v. TMSL, Inc., 359
F.3d 1136, 1140 (9th Cir. 2004)).

   In Williams v. Cavalry Portfolios Servs., LLC, a
defendant filed a debt collection lawsuit against a
plaintiff in state superior court. No. SACV 10-00255
JVS(ANx), 2010 WL 2889656, at *1 (C.D. Cal. July 20,
2010). Because the plaintiff failed to respond, the
state court entered default judgment against him, which
the plaintiff never moved to set aside. Id.

Thereafter, the plaintiff filed an action in federal
court, alleging that defendant violated § 1692e(5), §
1692e(2)(A), § 1692e(8), and § 1692f of the FDCPA by
"seeking a judgment against Plaintiff through a lawsuit
which she had never been served with," and by
"attempting to collect a debt from Plaintiff that was
not his, despite proof that his identity had been
stolen." Id. at *2-*3. The court determined the
claims were barred by the Rooker-Feldman doctrine,
because "[b]y way of default judgment, the state court
found that Plaintiff . . . is liable for the debt" and
was a losing party in state court. Id. at *3-*4. The
court held that in order to prevail on his FDCPA
claims, the plaintiff must prove that he was not liable
for the debt, but that such a finding would undermine
the state court default judgment. Id. at *4. Thus,
the court found that plaintiff's claims were barred by
Rooker-Feldman. Id. However, the court acknowledged
that claims which challenge the method in which
defendants attempt to collect a debt are immune from
Rooker-Feldman. Id. at *5.

   In Dexter, a money judgment was entered against the
plaintiff in state court, and the plaintiff sought
statutory damages in federal court for defendant's
conduct in bringing the state court lawsuit. 654 F.
Supp. 2d at 1260. The court noted that the plaintiff
was not asserting as his injury legal errors by the
state court and was not seeking relief from the state

court judgment.  <u>Id.</u>  Thus, the court held that the Rooker-Feldman Doctrine did not preclude plaintiff's claims in federal court.  <u>Id.</u>

Here, Plaintiff alleges that Defendants violated several provisions of the FDCPA.  Specifically, he argues that:

- 1) Defendants sent Plaintiff a letter alleging that he owed them $20,706.68 when the debt did not belong to him, in violation § 1692e, § 1692e(10), and § 1692f(1) (FAC ¶¶ 27-29);

- 2) Defendants would call Plaintiff and demand payment using abusive language, in violation of § 1692d and § 1692d(2) (<u>Id.</u> at ¶¶ 31-33);

- 3) Defendants failed to provide Plaintiff the notice required by § 1692e(11) (<u>Id.</u> at ¶ 35);

- 4) Defendant told Plaintiff that he owed the money and had to pay the debt to prevent from being sued, in violation of § 1692e and § 1692f(1) (<u>Id.</u> at ¶¶ 41-43);

- 5) Defendants threatened to place a lien on Plaintiff's home if he did not pay the debt, in violation of § 1692e(5) (<u>Id.</u> at ¶¶ 44-45);

- 6) Defendants filed a request for entry of default judgment against Plaintiff in the amount of $22,996.71, in violation of § 1692f(1), § 1692e(5) and § 1692e(10) (<u>Id.</u> at ¶¶ 55-58);

- 7) Defendants told Plaintiff he did not need to respond to the lawsuit filed in the state court, in

1    violation of § 1692e(10) (<u>Id.</u> at ¶¶ 65-67); and

2  •  8) Defendants stated in a February collection

3    letter that Plaintiff owed $20,706.68 when they

4    later demanded only $20,427.13 in the state lawsuit

5    in violation of 1692f(1) (FAC ¶¶ 38, 60).

6    The Court notes that Plaintiff provides different

7  grounds as the basis for his FDCPA claims.

8  Specifically, Plaintiff's FDCPA §§ 1692d, 1692e, and

9  1692f claims are based on (1) Defendants' pursuit of

10  payment for a debt incurred by Plaintiff, which

11  Plaintiff maintains he never incurred, and (2)

12  Defendants' alleged use of improper collection methods

13  to collect that debt.  As to the first ground -

14  Plaintiff alleges that Defendants violated §§ 1692e,

15  1692e(10), and 1692f(1) when they demanded that

16  Plaintiff pay $20,706.68 for a debt that Plaintiff

17  never incurred.  <u>See</u> FAC ¶¶ 27-29.  However, the state

18  court, by issuing a default judgment against Plaintiff,

19  already determined that Plaintiff was liable for that

20  debt.  <u>See</u> <u>Williams</u>, 2010 WL 2889656, at *3.  If this

21  Court were to hold otherwise, it would undercut the

22  state court ruling.  <u>See</u> <u>id.</u>  Thus, to the extent that

23  Plaintiff's FDCPA claims are premised on the

24  proposition that Plaintiff is not liable for the debt,

25  the Court finds that those claims are barred by the

26  Rooker-Feldman Doctrine.  <u>See</u> <u>id.</u>

27    However, to the extent that Plaintiff's §§ 1692d,

28  1692e, and 1692f claims are premised on the proposition

that Defendants employed improper collection methods,
the Court finds that those claims are *not* barred by the
Rooker-Feldman Doctrine.  See Lange v. CIR Law Offices,
Civil No. 09cv1485-CAB, 2010 WL 2524089, at *2, f.1
(S.D. Cal. June 10, 2010) (finding no jurisdictional
bar under the Rooker-Feldman Doctrine to a plaintiff's
FDCPA claim because the plaintiff only sought
determination that the method of collection engaged in
by defendant was unfair).  Specifically, Plaintiff
alleges that Defendants (1) called Plaintiff and
demanded payment using abusive language (in violation
of § 1692d(2)), (2) told Plaintiff that he did not need
to respond to the lawsuit filed in the state court (in
violation of § 1692e(10)), (3) failed to provide notice
of the debt (in violation of § 1692e(11)), and (4)
stated in a February collection letter that Plaintiff
owed $20,706.68 when they later demanded only
$20,427.13 in the state lawsuit (in violation of §
1692f(1)).

A plaintiff may successfully assert FDCPA claims
even if found liable for a debt.  Williams, 2010 WL
2889656, at *4.  Here, Plaintiff seeks a determination
that the method of collection engaged in by Defendants
was unfair.  Under these circumstances, the Court finds
no jurisdictional bar to considering Plaintiff's
claims.  See Lange, 2010 WL 2524089, at *2, f.1.

Further, Plaintiff does not seek to set aside the
state court judgment in his prayer for relief.  Rather,

14

Plaintiff seeks an award of actual and statutory
damages, along with costs of litigation and reasonable
attorneys fees.  Moreover, Plaintiff does not assert as
his injury any specific legal errors by the state court
and is not seeking relief from the state court
judgment.  Because Plaintiff is not seeking to overturn
the money judgment that was entered against him in
state court and does not assert that any legal errors
by the state court caused him injury, the Rooker-
Feldman Doctrine does not preclude Plaintiff's claims
premised on Defendants' alleged improper collection
methods.  See Dexter, 654 F. Supp. 2d at 1260.

Accordingly, the Court finds that Plaintiff's FDCPA
claims based on Defendants' improper collection
methods, pursuant to §§ 1692d, 1692d(2), 1692e(10),
1692e(11) and § 1692f(1) are not barred by the Rooker-
Feldman Doctrine.

2.  Plaintiff's § 1692(d) and § 1692(d)(2) claims

Section 1692d proscribes debt collectors from
engaging "in conduct the natural consequence of which
is to harass, oppress, or abuse any person [.]"  15
U.S.C. § 1692d; Skinner v. Green Tree Servicing LLC,
No. 3:12-cv-03834-JCS, 2012 WL 6554530, at *6 (N.D.
Cal. Dec. 14, 2012).  Section 1692d contains a
nonexhaustive list of specific conduct which
constitutes a violation of the section, such as the
"use of obscene or profane language or language the
natural consequence of which is to abuse the hearer or

1  reader." <u>Id.</u> (citing 15 U.S.C. § 1692d(2)).

2  A pleading that offers "labels and conclusions" or
3  "a formulaic recitation of the elements of a cause of
4  action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
5  678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550
6  U.S. 544, 555 (2007)).  Nor does a complaint suffice if
7  it tenders "naked assertion[s]" devoid of "further
8  factual enhancement." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at
9  557).

10  Here, the Court finds that the allegations in the
11  Complaint fail to support Plaintiff's § 1692d(2) claim.
12  Rather, the allegations appear to constitute a mere
13  "formulaic recitation of the elements of a cause of
14  action," and is insufficient to state a claim for
15  relief.  <u>See</u> <u>Twombly</u>, 550 U.S. at 555.  Specifically,
16  Plaintiff makes conclusory statements that in each of
17  Defendants' telephone calls, Defendants would "yell
18  into the telephone accusations that Plaintiff owed
19  Defendants payment on the alleged debt, and used
20  abusive language, the natural consequence of which was
21  to abuse."  FAC ¶¶ 30-32.  Such naked assertions,
22  devoid of "further factual enhancement," are
23  insufficient to state a claim under § 1692d(2).
24  Accordingly, the Court **GRANTS** Defendant's Motion to
25  Dismiss Plaintiff's § 1692d claims.

26  The Ninth Circuit has repeatedly held that a
27  district court should grant leave to amend even if no
28  request to amend the pleadings was made, unless the

court determines that the pleading could not possibly
be cured by the allegation of other facts. <u>Lopez v.
Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Because it
appears that the pleadings could be cured by the
allegation of other facts, the Court **GRANTS** Defendants'
Motion to Dismiss Plaintiff's § 1692d claims with leave
to amend.

    3.  <u>Plaintiff's § 1692e(5) claim</u>

    Section 1692e(5) proscribes a debt collector from
threatening to take any action that cannot legally be
taken or that is not intended to be taken. 15 U.S.C. §
1692e(5). Plaintiff alleges that Defendants violated §
1692e(5) by (1) filing a request for entry of default
judgment against Plaintiff in the State Court Action
(FAC ¶¶ 55, 57) and (2) threatening to place a lien on
Plaintiff's home if he did not pay the debt. <u>Id.</u> at ¶¶
44-45. Based on the Complaint, it appears that
Plaintiff's § 1692e(5) cause of action is premised on
Plaintiff's contention that he never owed the debt to
begin with. <u>See id.</u> at ¶¶ 42-45. However, to make a
finding that Plaintiff never owed the debt would
undermine the state court judgment because the state
court held that Plaintiff was liable for the debt. <u>See
Williams</u>, 2010 WL 2889656, at *3. As discussed above,
the Rooker-Feldman Doctrine prevents this Court from
exercising subject matter jurisdiction over claims
which would require the Court to undermine the state
court judgment. <u>See id.</u> As such, the Court finds that

Plaintiff's § 1692e(5) claim is barred by the Rooker-Feldman doctrine and **GRANTS** Defendant's Motion to Dismiss this claim. Further, because the Court finds that it has no subject matter jurisdiction over Plaintiff's § 1692e(5) claim, the Court **GRANTS** Defendant's Motion to Dismiss this claim without leave to amend.

    4.  <u>Plaintiff's § 1692e(10) claim</u>

    Under 15 U.S.C. § 1692e(10), the "use of any false representation or deceptive means to collect or attempt to collect any debt" from a consumer is prohibited. <u>Kachlic v. Bursey & Associates, P.C.</u>, No. CV-12-1111-PHX-JAT, 2013 WL 820375, at *4 (D. Ariz. Mar. 5, 2013). The standard for determining whether a communication is deceptive or misleading under § 1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled. <u>Isham v. Gurstel, Staloch & Chargo, P.A.</u>, 738 F. Supp. 2d 986, 995 (D. Arizona 2010) (citing <u>Wade v. Reg'l Credit Ass'n</u>, 87 F.3d 1098, 1100 (9th Cir. 1996)). To answer this inquiry, the Ninth Circuit adopted a "materiality" approach, meaning that "false but nonmaterial representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." <u>Id.</u> (citing <u>Donohue</u>, 592 F.3d at 1033). In other words, the alleged falsity of a statement must actually distort the consumer's

perception, not a minor technical glitch that even the
least sophisticated consumer could understand.  _Id._

Here, Plaintiff alleges that Defendants violated §
1692e(10) by telling Plaintiff he did not need to
respond to the state court lawsuit.  Specifically,
Plaintiff alleges that Defendants told him that he no
longer needed to be concerned about the debt and that
they would stop pursuing Plaintiff for the debt.  FAC ¶
48.  Thereafter, Plaintiff alleges that he promptly
returned the summons to Defendant Mandarich's office.
_Id._ at ¶ 49.  Plaintiff asserts that he again contacted
Defendant Mandarich, and Ms. Wells assured him that he
was not the party that Defendants were suing, and that
Plaintiff's address would be removed from Defendants'
file.  _Id._ at ¶ 53.  Thus, Plaintiff alleges that
Defendants had specifically told him that he did not
need to respond, should not respond, and to return the
summons and complaint.  _Id._ at ¶ 66.

On June 6, 2013, Defendants sent Plaintiff a letter
and alleged that he owed the debt and that he failed to
respond after Plaintiff was served with the lawsuit.
FAC ¶ 64-65.  On June 11, 2013, Defendants filed a
request for entry of default judgment against Plaintiff
in the State Court Action.  FAC ¶ 55.  However, based
on the allegations in the FAC, it appears that
Plaintiff believed he did not need to take any action
in the State Court Action because he was repeatedly
assured by Defendants that he did not need to respond

19

1   to the lawsuit.   Further, the allegations in the FAC

2   support a finding that the "least sophisticated

3   consumer" could have been deceived or misled from

4   Defendants' statements indicating that Plaintiff did

5   not need to respond to the lawsuit because they

6   contacted the wrong person.   Plaintiff provides

7   sufficient facts to suggest that Defendants may have

8   used false or deceptive means to collect a debt by

9   telling Plaintiff he did not need to respond to the

10   lawsuit, and then subsequently requesting entry of

11   default in the State Court Action after Plaintiff

12   failed to respond.   Thus, taking all allegations in the

13   FAC as true, and drawing all reasonable inferences in

14   favor of the non-moving party, the Court finds that

15   Plaintiff has successfully stated facts to support a

16   claim for violation of § 1692e(10) and **DENIES**

17   Defendant's Motion to Dismiss this claim.

18       5.   <u>Plaintiff's § 1692e(11) claim</u>

19       In the initial written or oral communication with a

20   debtor, § 1692e(11) requires the debt collector to

21   include a statement that it "is attempting to collect a

22   debt and that any information obtained will be used for

23   that purpose."   15 U.S.C. § 1692e(11).   Subsection

24   1692e(11) also requires that, in any "subsequent

25   communication," the debt collector must disclose "that

26   the communication is from a debt collector."   <u>Id.</u>

27       Here, Plaintiff argues that Defendants called him

28   several times, claiming that Plaintiff owed them

$20,706.68, but that Defendants failed to provide Plaintiff notice required by § 1692e(11).  FAC ¶ 35. Such notice requires that Defendants disclose that they were debt collectors, that they are attempting to collect a debt, and that any information obtained will be used for that purpose.  <u>Hosseinzadeh v. M.R.S. Associates, Inc.</u>, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) and 15 U.S.C. § 1692e(11).  The Court notes that Defendants do not specifically address Plaintiff's § 1692e(11) claim, nor do they argue that any such notice was given.  Thus, taking all allegations in the FAC as true, and drawing all reasonable inferences in favor of the non-moving party, the Court finds that Plaintiff has sufficiently stated a claim of violation of § 1692e(11).  As such, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiff's § 1692e(11) claim.

  6.  <u>Plaintiff's § 1692f(1) claim</u>

  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," which includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1); <u>Durham v. Cont'l Cent. Credit</u>, No. 07cv1763 BTM(WMc), 2009 WL 3416114, at *2 (S.D. Cal. Oct. 20, 2009).  Under § 1692f(1), where parties have not expressly agreed on charges to be collected with

respect to a debt, state law determines whether additional charges are permitted.  <u>Palmer v. Stassinos</u>, 348 F. Supp. 2d 1070, 1076 (N.D. Cal. 2004).

Here, Plaintiff claims that Defendants stated in a February collection letter that Plaintiff owed $20,706.68 when they later demanded only $20,427.13 in the State Court Action in violation of § 1692f(1).  FAC ¶¶ 26, 38, 60.  However, Plaintiff does not point to a specific interest, fee, charge, or expense incidental to the principal obligation that Defendants improperly sought to collect.  Further, Plaintiff does not state how Defendants' alleged request for $20,706.68 was more than what Plaintiff actually owed.  Thus, it is unclear to the Court how Defendants had violated § 1692f(1). As such, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss as follows:

- The Court **GRANTS** Defendants' Motion as to Plaintiff's § 1692d and § 1692d(2) claims with twenty days leave to amend.

- The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1692e(5) claim without leave to amend.

- The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's 1692e(10) claim.

1  •   The Court **DENIES** Defendants' Motion to Dismiss
2      Plaintiff's 1692e(11) claim.
3  •   The Court **GRANTS** Defendants' Motion to Dismiss
4      Plaintiff's § 1692f(1) claim with twenty days leave
5      to amend.
6
7
8  **IT IS SO ORDERED.**
9  DATED: January 17, 2014
10
11                        RONALD S.W. LEW
                   _____
12                 **HONORABLE RONALD S.W. LEW**
                   Senior, U.S. District Court Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28