Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone (619) 233-7770
Facsimile (619) 297-1022

Attorneys for Richard D. Riding.

FILED
2014 FEB -5 PM 12: 04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard D. Riding, <br><br> Plaintiff, <br> v. <br><br> CACH, LLC and Mandarich Law Group, LLP, <br><br> Defendants. | CV 13-01622 RSWL (SPx) <br><br> **Second Amended Complaint For Damages** <br><br> **Jury Trial Demanded** |



## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Richard D. Riding, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC, ("CACH") and Mandarich Law Group, LLP, ("Mandarich"), collectively, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Plaintiff does not seek relief from any state court remedy, and does not seek to set aside any state court judgment.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Because Defendants conduct business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

13. Plaintiff, Richard D. Riding is a natural person who resides in the City of Sun City, State of California.

14. CACH is located in the City of Denver, in the State of Colorado.

15. Mandarich is located in the City of Woodland Hills, in the State of California.

16. Defendant Mandarich is, and at all relevant times was, an employee or agent of Defendant CACH acting within the course and scope of its employment, and there was a causal nexus with regard to the violations here between Defendant Mandarich acts and its employment with CACH. Consequently, any subsequent illegal actions by Defendant Mandarich were the responsibility of Defendant CACH, vicariously, under the doctrine of respondeat superior, and other vicarious liability theories, and Defendant CACH is liable for those acts.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of

debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debts collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff is a senior citizen of 76 years of age, whose sole income is social security benefits.

20. Plaintiff also has a son who lives outside of California. Plaintiff's son has never resided with Plaintiff in Sun City, California.

21. During all relevant times referenced in this complaint, Defendants knew or should have known that Plaintiff was a senior citizen consistent with the definition provided in Cal.Civ.Code §1761(f).

22. Because this case has been filed to redress unfair or deceptive acts or practices or unfair methods of competition on the part of Defendants, in the event Defendants are found liable for their conduct or omissions, all Defendants are liable for treble damages pursuant to Cal Civ Code § 3345.

23. Sometime before February 4, 2013, Plaintiff is alleged to have incurred certain personal financial obligations to Wells Fargo Bank, N.A., specifically, a personal credit card.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. Sometime thereafter, but prior to February 4, 2013, Plaintiff is alleged to have fallen behind in the payments allegedly owed on the alleged debt.

26. In reality, Plaintiff never incurred the debt Defendants allege he incurred.

27. Subsequently, but before February 4, 2013, CACH, a debt collector pursuant to the FDCPA, retained Mandarich, also a debt collector pursuant to the FDCPA, to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations.

28. On or about February 4, 2013, Mandarich, as the legal representative of CACH, sent a letter to Plaintiff at his home in Sun City, CA.

29. This February 4, 2013 letter was the initial communication with Plaintiff by Mandarich and CACH.

30. In this initial communication with Plaintiff, Defendants alleged that Plaintiff, owed Defendants $20,706.68.

31. Mandarich failed within five days after its initial communication with Plaintiff to provide written notification containing a statement that included an accurate amount of the debt owed. This omission by Mandarich violated 15 U.S.C. § 1692g(a)(1).

32. Subsequently, Defendants began calling Plaintiff at his home in Sun City, CA.

33. In many of these telephone calls, Defendants would yell into the telephone accusations that the plaintiff owed the defendants payment on the alleged debt, and in the process used false, deceptive, and misleading statements about how Defendants were going to take the plaintiff's home away from him if he did not pay the debt alleged. This conduct violated 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, § e(5), and § e(10).

34. In at least one call, Defendants threatened, "we will take everything you own!" This conduct violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692e(5).

35. During these calls, Defendants would often scream "Richard 500!" ; "Richard 500!" and other strange comments at the plaintiff, such that the plaintiff would have to hold the telephone away from his ear because the screaming was so loud. When the plaintiff tried to respond, the defendants would start screaming again, refusing to allow the plaintiff to speak. The natural consequence of this language, and desire of the defendants, was to abuse the plaintiff, in violation of 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(2).

36. In none of these communications did Defendants provide Plaintiff the notice required by 15 U.S.C. § 1692e(11), in violation of the FDCPA.

37. Subsequently, pursuant to the instructions from CACH, Mandarich, in the name of CACH, filed a state collection case against Plaintiff on April 11, 2013, in the Superior Court of Riverside, based on Plaintiff's consumer account that was allegedly in default, Case No. TEC1301665.

38. In Defendants' April 11, 2013 state lawsuit against Plaintiff, Defendants falsely alleged that Plaintiff opened a Wells Fargo Bank, N.A. account, used the account, and then defaulted on said account. The complaint claimed that CACH thereafter purchased the account from Wells Fargo Bank, N.A.

39. This was a false, deceptive, or misleading representation or means in connection with the collection of a debt as the plaintiff never opened a Wells Fargo Bank, N.A. account.

40. Defendants' April 11, 2013 state lawsuit against Plaintiff now claimed that the debt allegedly owed was only $20,426.13, significantly less than the $20,706.68 the defendants had previously demanded from Plaintiff, thereby establishing that the "amount of the debt" demanded in the initial communication with the plaintiff on February 4, 2013 was inaccurate and in violation of 15 U.S.C. § 1692g(a).

41. This $20,426.13 amount also established that in the February 4, 2013 letter to the plaintiff, the defendants were previously attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law, as in that letter the defendants were demanding $20,706.68. Consequently, Defendants also violated 15 U.S.C. § 1692f(1).

42. On or about April 15, 2013, Defendants served Plaintiff, at Plaintiff's address in Sun City, CA, with a summons and complaint.

43. At no time has Plaintiff ever been a party to any contract for a Wells Fargo Bank, N.A. credit card account, and at no time has Plaintiff ever owed Wells Fargo Bank, N.A. any money.

44. On or about April 18, 2013, Plaintiff contacted Manderich by phone in an attempt to investigate the lawsuit. At that time, Plaintiff spoke with a Manderich representative, Amanda Wells, to whom he explained that he never had a Wells Fargo Bank, N.A. account.

45. After a brief discussion, Amanda Wells told Plaintiff that Plaintiff owed the money alleged, and that Plaintiff had to pay that money to keep from being sued. However, this was a false, deceptive, and misleading representation and means in connection with the collection of a debt as the plaintiff had already been sued, and the debt was not owed by the plaintiff, all in violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e.

46. At this time, Ms. Wells told Plaintiff that Defendants were going to take the plaintiff's home away from him if he did not pay the debt alleged.

47. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

48. As the call progressed, Ms. Wells asked for Plaintiff's social security number and date of birth to investigate Plaintiff's claim.

49. Plaintiff provided Ms. Wells with Plaintiff's social security number and Plaintiff's date of birth.

50. Eventually, Ms. Wells declared that Plaintiff no longer needed to be concerned about the debt and that Defendants would stop pursuing Plaintiff for the debt. The purpose of this comment was apparently to deceive Plaintiff into ignoring his responsibilities in the state lawsuit and to obtain a default judgment against the plaintiff.

51. After Ms. Wells told Plaintiff that he no longer needed to be concerned about the state lawsuit, Plaintiff promptly returned the summons to Manderich's office because he believed the issue had now been resolved.

52. On or about April 29, 2013, at 3:06 PM, apprehensive about the previous calls because Defendants had been so abusive in the past, Plaintiff again contacted Manderich by phone in order to confirm his prior conversation with the Manderich's representative, Amanda Wells.

53. In this call, Plaintiff again spoke with a Manderich representative, Amanda Wells.

54. During this call, Plaintiff referenced the prior (April 18, 2013) conversation with Ms. Wells.

55. Ms. Wells, in violation of 15 U.S.C. § 1692e(2)(A), again told Plaintiff that Plaintiff was not the party being sued, when in fact he was, and that Defendants would remove Plaintiff's address from Defendants' file.

56. Thereafter, despite knowing, and even conceding, that Defendants' had filed a baseless lawsuit against Plaintiff, Defendants continued to pursue their lawsuit against Plaintiff without Plaintiff's knowledge, in violation of 15 U.S.C. § 1692e(5).

57. On June 6, 2013, Defendants mailed a letter to Plaintiff, and in this letter Defendants alleged that Plaintiff owed the debt in question, and that Plaintiff, had been previously been served.

58. In this June 6, 2013 letter, Defendants falsely alleged that Plaintiff "failed to respond" after Plaintiff was served with the lawsuit, and that Plaintiff, owed the debt in question, in violation of 15 U.S.C. § 1692e.

59. As Defendants knew, this statement that Plaintiff "failed to respond" was untrue, and, in fact, Defendants had specifically told Plaintiff that he did not need to respond any further, should not respond, and in fact told Plaintiff to return the summons and complaint.

60. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

61. Through this conduct, Defendants was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

62. A week later, on or about June 13, 2013, Defendants filed with the state court a Request for Entry of Default Judgement against Plaintiff, in the amount of $22,996.71.

63. Through this conduct, Defendants was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

64. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

65. In this June 13, 2013 Request for Entry of Default Judgement, Defendants alleged that Plaintiff, also owed Defendants $2,115.58 in attorneys' fees.

66. In this request for entry of default judgement, Defendants alleged that the person to be defaulted was Richard D. Riding, who, the defendants alleged, lived at "27627 Charlestown Dr., Sun City, CA."

67. This request was made to the court under penalty of perjury under the laws of California when Defendants knew that Plaintiff did not owe the debt alleged.

68. The allegations and precatory language in this complaint was false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

69. Quite elderly, Plaintiff is exhausted and very distraught over the entire situation surrounding Defendants' deceptive lawsuit. Even to this date, Defendants' have refused to dismiss the default. Defendants' refusal to dismiss their baseless judgement against Plaintiff has been an extreme challenge for Plaintiff both physically and mentally. Further, Defendants' refusal to dismiss their case against Plaintiff has caused significant stress to Plaintiff. Because of this and other emotional factors caused by the defendants, Plaintiff has suffered actual damages.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

70. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

71. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

72. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, jointly and severally, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

73. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: February 4, 2014

By: s/Crosby S. Connolly
Crosby S. Connolly
Attorneys for Plaintiff